Batilr, J.
It is a general rule that where an arbitrator-does not make his award upon all the matters submitted to him,-the award is entirely void '; and the defect may-be shown as a defence to an action on- the award. §, Watson oa Arb. and Award, 59 Law Lib., 121. But where the submission is of all matters in difference, or of all disputes, without specifying them, the arbitrator may make his award only of such things as lie has notice. Yet the award is good. Ibid. How can these rules be* made of any practical benefit to parties unless parol evidence is admissible to show what matters wore within the terms of the submission, or were brought to the notice of the arbitrator ? That such evidence is admissible for such purposes was directly decided by this Court in the case of Brown vs. Brown, 4 Jones, Rep. 123. Indeed, on the trial of the very case now before us. the presiding Judge, notwithstanding the submission was in'" writing, admitted parol. evidence on the part of the plaintiff to show that a certain matter was the only one submitted to the arbitrators,- and it seems to tis that upon the same principle the defendant-ought to have 'been permitted to offer testimony to rebut tbat of the plaintiff, by showing .that another matter was *262 embraced within the terms of the submission, and was not acted on by the arbitrators.
But it is contended by the counsel for. the plaintiff that the testimony offered by the defendant and rejected by the Court was irrelevant, because it could tend to prove only that the arbitrators had committed a mistake In a matter of law, which, if so, would not hurt their award. That is true, if the mistake be committed when the arbitrators are acting within the scope of the authority conferred upon them, and upon matters within that scope. But it cannot be so as to an error in law by means of which they are induced to embrace within their award a matter not submitted, or reject one which was submitted, to them. See 1 Green on Ev., sec. 78. What are the terms of the submission, what is the true construction of such terms, and what things arc embraced witljin them, may present ques-tionsoflaw or of fact, and when presented the questions can only be decided conclusively, not by the arbitrators, but by the proper judicial tribunals of the country. But when the arbitrators are acting within the bounds of their authority, and only within those hounds, then they are the judges of the parties' own «election, and their decisions on questions of law ami of fact are binding on the parties, unless it can be shown that the arbitrators acted corruptly, or comminitted gross errors or mistakes in making their award. See the same section of Greenleaf on EAÚdenee.
His Honor having erred in rejecting the testimony offered by the defendant, the judgment must be .reversal and a renirc <!<• v-ovo awarded.